J¿FITZSIMMONS, J.
Plaintiff, Annette M. Abbott, was injured on June 24, 1999, at her place of employment, Church’s Fried Chicken, Inc. (Church’s). Church’s asserted that Ms. Abbott suffered an intervening, superced-ing injury on November 4, 2000, and refused to pay for any additional workers’ compensation benefits after that date. On November 16, 2000, Ms. Abbott filed a claim against Church’s for disputed benefits. After a trial on the merits, the workers’ compensation judge found that the work-related injury exacerbated Ms. Abbott’s degenerative disc disease, but that Church’s was not Hable for the bills incurred for medical treatment after November 6, 2000. Ms. Abbott appealed.[1] We affirm.
Although Hght duty work was made available by Church’s, Ms. Abbott left its employ around Christmastime of 1999. Eventually, she obtained other employment, but continued to visit her treating physician through July of 2000. At that time, her doctor considered her to be at or near maximum medical improvement. Ms. Abbott did not see her doctor again until November of 2000. On November 4, 2000, she reported to an emergency room doctor that she heard a pop, and experienced pain down her leg and up to her neck, after lifting a ten pound bag of cat Htter. The complaint of pain was the same type reported after the work-related accident. On November 6, 2000, Ms. Abbott returned to her treating physician for treatment. However, a report of the cat Htter accident does not appear in the doctor’s notes for that day. At trial, her physician testified that the cat Htter incident re *645 turned Ms. Abbott to “square one,” and resulted in the need for further treatment. He also testified that, with her pre-existing condition, not much was needed to cause another pain flare up.
|-/The doctor chosen by Church’s testified by deposition. She opined that the treatments after November 6, 2000, were related to Ms. Abbott’s pre-existing condition and triggered by the cat litter incident, not the work-related accident.
Where- there are two permissible views of the evidence, the trier of fact cannot be manifestly wrong in its choice. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 883 (La.1993). If the decision from these findings is reasonable in light of the entire record, the judgment should be affirmed. Id. at 882.
From our thorough review of the record, including the medical records, and considering various inconsistencies in Ms. Abbott’s testimony, we cannot say that the workers’ compensation judge committed manifest error in the factual determinations. Based on those determinations, we see no error in the denial of benefits after November 6, 2000. For these reasons, we affirm the judgment. The costs of the appeal are assessed to plaintiff, Ms. Abbott.
AFFIRMED.
GUIDRY, J., concurs.

. Church's neither appealed nor answered Ms. Abbott's appeal. See La. C.C.P. art. 2133. Thus, we will not address the errors alleged by Church's.